THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SILVIO PAUL TAYLOR, Defendant-Appellee.

(No. 11812;

Fourth District—February 27, 1974.

L. Stanton Dotson, State's Attorney, of Charleston (Paul C. Komada, Assistant State's Attorney, of counsel), for the People.

Ryan & Heller, of Mattoon, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The State appeals from the quashing of a search warrant and the suppression of evidence obtained thereunder. The motion to quash questioned the legal sufficiency of the affidavit for search warrant. Accordingly, our focus is directed to that instrument.

The affidavit recited that complainant was a detective with the Mattoon Police Department and had participated in numerous investigations relating to the sale, use or possession of narcotic drugs; that he had received information from a reliable informant whose information in the past had led to arrests and convictions; that on a given date defendant was in possession of a black box-type container, the contents of which defendant represented was marijuana; that the complainant was told by the informer that defendant possessed such container in described premises and that the complainant believed that the container was still on the premises, again, based on information received from "said reliable informant".

Defendant argues that the complaint for search warrant does not disclose the underlying circumstances from which the informer could conclude that defendant possessed marijuana, and that the issuing judge could not possibly have made an independent determination that the "informant's tip was founded in logic". On the other hand, the State argues that the information supplied is sufficient under the principles enunciated in *People v. Mitchell*, 45 Ill.2d 148, 258 N.E.2d 345.

■■ Hearsay, of course, may be used to establish probable cause for a search warrant so long as there is a substantial basis for crediting the hearsay. (*People v. Jackson*, 22 Ill.2d 382, 176 N.E.2d 803.) In *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509, the Supreme Court enunciated the criteria upon which search warrants issued on the basis of hearsay supplied by an informer are to be judged:

> "* * * [T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, * * * was 'credible' or his information 'reliable'." 378 U.S. at 114—15, 12 L.Ed.2d at 729.

In our matter the complainant specifically stated that he had received information from a "reliable informant" whose information in the past had led to arrests and convictions. Further, the complainant specifically related the "underlying circumstances" from which the informer concluded that marijuana was on the premises occupied by defendant—

that defendant was in possession of a container, that defendant represented to the informer that its contents were marijuana and that such contents were observed by the informer and believed by him to be marijuana. In our opinion, the search warrant was based upon probable cause.

■■■ We should keep in wind that "probability, and not a prima facie showing, of criminal activity is the standard of probable cause, * * * that affidavits of probable cause are tested by much less vigorous standards than those governing the admissibility of evidence at the trial, * * * that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, * * * and that their determination of probable cause should be paid great deference by reviewing courts. * * *" (Citations omitted.) (*Spinelli v. United States*, 393 U.S. 410, 419, 21 L.Ed.2d 637, 645, 89 S.Ct. 584.) An important feature here is the *representation* by defendant that the contents of the container which the informer observed was marijuana. This is important for as Mr. Justice White observed in a concurring opinion in *Spinelli*, "But if, for example, the informer's hearsay comes from one of the actors in the crime in the nature of admission against interest, the affidavit giving this information should be held sufficient". (393 U.S. at 425, 21 L.Ed.2d at 649.) Accordingly, the quashing of the search warrant and the resultant suppression of evidence was improper.

Accordingly, the judgment is reversed and the cause remanded with directions to vacate the order quashing the search warrant and suppressing the evidence obtained thereunder.

Reversed and remanded with directions.

CRAVEN and SIMKINS, JJ., concur.